JOHN T. CATHERS, APPELLEE, v. PHŒBE R. E. E. LINTON ET AL., APPELLANTS.

FILED JANUARY 3, 1906. No. 14,067.

Evidence examined, and *held* to support the judgment of the district court.

APPEAL from the district court for Douglas county: ABRAHAM L. SUTTON, JUDGE. *Affirmed.*

*John O. Yeiser,* for apellants.

*John T. Cathers, contra.*

AMES, C.

John T. Cathers recovered a judgment in the district court for Douglas county against Phœbe R. E. E. Linton, upon which on the 19th day of May, 1901, there was an unpaid balance of $2,660, which was a lien upon certain

real estate including certain lots in "Argyle," an addition
to the city of Omaha. On that day the Lintons paid to
Cathers in cash and by bank check $1,500, and executed
to him a note for $1,160, secured by a mortgage on the lots
mentioned, in full satisfaction of the judgment, and re-
ceived from him a receipt containing recitals to that
effect and also to the effect that the transaction was in
settlement "of all old matters up to date," having refer-
ence to various dealings between the parties prior to that
time. The judgment was not, however, satisfied of record
and Cathers attempted to enforce the same by execution
sale of some of the property upon which it was an appar-
ent lien. The sale was set aside and the judgment ju-
dicially canceled pursuant to a decision of this court in an
opinion by KIRKPATRICK, C. (*Linton v. Cathers,* 4 Neb.
(Unof.) 641), upon the ground that the judgment had been
satisfied by the payments and mortgage above mentioned.
The result was, of course, such as to leave Cathers at lib-
erty to enforce his mortgage, or else he would have been
deprived without consideration of $1,160 in amount of his
judgment lien, and we think that matter does not require
further discussion.

At the time of the making of the payments and mort-
gage above mentioned, there was pending in the district
court for Douglas county a suit by Cathers against the
Lintons for recovery for services alleged to have been ren-
dered by the former as an attorney at law for the latter.
The answer pleaded the payments and mortgage as con-
stituting a settlement and payment of the claim of the
plaintiff, and a trial resulted in a verdict for the defend-
ant. A motion for a new trial was filed, which remains
undisposed of.

In February, 1902, Cathers began another action against
the Lintons to recover about $6,000 for services and ex-
penses as an attorney, part of which were alleged to have
been rendered and incurred prior to the date of said set-
tlement. The settlement was pleaded in bar of demands
for services prior to its date, but the action proceeded to

trial and resulted in a judgment for the plaintiff in the sum of $3,628, which the jury may have thought the plaintiff entitled to recover for services rendered subsequently to that date. This is an action to foreclose the mortgage, and the two former actions last above mentioned are pleaded in defense thereto. There was a decree of foreclosure and sale, from which the Lintons have appealed to this court.

A preliminary, and perhaps vital, question of fact is whether the payments and the mortgage in suit made and given on May 19, 1901, were intended and agreed by the parties as a payment and satisfaction of the services and expenses for which the suits were brought, or whether they were intended merely to discharge the unpaid residue of the judgment which they, in the aggregate, exactly equaled in amount, and which appears to have been a lien on real property sufficient in value for its satisfaction. The plaintiff, Cathers, testifies unequivocally that the latter was their sole purpose, and that the words, "Also agree to dismiss the case now pending: this is to settle all old matters up to date," were inserted in the receipt in view of another object, and after the transaction had been closed, and the money and mortgage delivered to and accepted by him. He is to some extent corroborated by the circumstances, and the trial judge who presided over his examination, and enjoyed the advantages incident to so doing, may have believed his story. Although he is contradicted by one of the defendants, we do not think that under such circumstances this court would be warranted in reversing a finding of fact in favor of the plaintiff in this respect, without doing which the decree appealed from cannot be disturbed. Moreover, the settlement and receipt above mentioned were pleaded as a defense in both the last two mentioned suits at law, and the question whether they were intended as a bar to a recovery for services rendered prior to their date appears to have been properly submitted to the juries, respectively, and to have been decided by them in favor of the defend-

ants, so that, if this action also be decided in their favor, the plaintiff would be wholly deprived of benefit or advantage of or from his mortgage. Whether the trial court adopted the former view, that the settlement was not intended as a bar to the recovery for services rendered prior to its date, or the latter one, that it was so intended, and that the defendants, in the several litigations above mentioned, had fully enjoyed its protection, we do not certainly know. The latter appears to us to be the more consistent with the record and that which the evidence the more satisfactorily supports, but neither, if accepted, will deprive the plaintiff of his right of recovery upon the mortgage, and we therefore recommend that the judgment of the district court be affirmed.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.